Filed 3/29/13  Henry v. Murphy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DONALD L. HENRY, | |
| Plaintiff and Respondent, | G047108 |
| v. | (Super. Ct. No. 30-2009-00315861) |
| TIMOTHY MURPHY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David T. McEachen, Judge.  Affirmed.

William H. Shibley and Jonathan G. Shibley for Defendant and Appellant.

Richard V. McMillian for Plaintiff and Respondent.

\*          \*          \*

Defendant Timothy Murphy appeals from a default judgment in the sum of approximately $905,000 in favor of plaintiff Donald L. Henry, claiming the complaint did not provide sufficient notice of the amount of damages plaintiff was seeking. We disagree and affirm.

FACTS AND PROCEDURAL HISTORY

According to the complaint, defendant represented to plaintiff he was a principal in defendant Capital Investors, Inc., a company that loaned money to transportation companies. He also represented Capital needed funds to expand and told plaintiff that for any money he loaned Capital, Capital would pay him interest of 12 percent per annum. The complaint alleged that, based on such representations, in July 2008 plaintiff entered into a written agreement to loan Capital $250,000 with interest at 12 percent per annum, payable monthly. The loan was collateralized by nine commercial installment notes with a market value of over $740,000. The loan was due and payable in four years. Four months later plaintiff loaned an additional $400,000 to Capital on the same terms. Collateral was eight commercial installment notes valued at $850,000. Plaintiff and defendant executed a separate contract for this loan. Both contracts provided that if there was default on an interest payment, repayment of principal could be accelerated.

As alleged in the complaint, in June 2009 Capital's interest payment to plaintiff was returned for insufficient funds. Pursuant to the terms of the agreements, plaintiff demanded that Capital repay the principal and pay all unpaid interest; Capital failed to do so.

Plaintiff then filed the complaint against defendant, among others, for fraud. The prayer sought general and special damages according to proof, as well as punitive damages and attorney fees. Defendant filed an answer to the complaint.

2

Subsequently plaintiff filed a first amended complaint adding new parties; it did not change the cause of action against defendant. Thereafter plaintiff filed a second amended complaint; again there were no changes in the allegations against defendant. Defendant did not answer either complaint.

Defendant and his wife filed a chapter 13 bankruptcy petition. Plaintiff filed an adversary proceeding in the bankruptcy court. He also filed a notice in this action that it had been stayed pursuant to the automatic stay issued by the bankruptcy court. The parties entered into a stipulation, memorialized in an order, giving plaintiff relief from the automatic stay and allowing him to prosecute the state court action to judgment against defendant. Plaintiff was prohibited from enforcing the judgment against defendant but it was to be the claim against defendant in the bankruptcy action. The order continued, "The plaintiff[,] having filed an amended complaint in the state court[,] shall take the defendant[']s default and the defendant shall not participate in the state court's proceedings and shall withdraw[] any responsive pleadings that may have been filed on behalf of the debtor."

For the next 11 months until the trial date defendant did not withdraw his answer and plaintiff was unable to take his default. On the day of trial defendant asked the court to strike his answer. Although he had been subpoenaed to appear, his lawyer advised the court there was a criminal case pending based on the same issues. Thus, defendant would not appear and if called to testify would assert his right not to testify under the Fifth Amendment of the United States Constitution. The court struck the answer and plaintiff proved up the case against defendant, obtaining a judgment for fraud in the sum of slightly more than $905,000.

3

DISCUSSION

Defendant argues the judgment is invalid because the complaint did not give him sufficient notice of the amount plaintiff was seeking. Code of Civil Procedure section 580, subdivision (a) provides, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue."

"The notice requirement of section 580 was designed to insure fundamental fairness." (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494.) "If no specific amount of damages is demanded, the prayer cannot insure adequate notice of the demands made upon the defendant. [Citation.] Consequently, a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint. [Citation.]" (*Ibid*.; see also *Greenup v. Rodman* (1986) 42 Cal.3d 822, 829 ["allegations of a complaint may cure a defective prayer for damages"].)

Here the prayer seeks damages according to proof. This by itself is insufficient. Thus, we must examine whether there are adequate facts pleaded in the body of the complaint to notify defendant of the amount plaintiff sought to recover. Plaintiff relies primarily on the specific allegations in the fraud cause of action. In and of themselves they do not suffice. These are merely fact allegations that happen to include dollar amounts but are not specifically damage claims. (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 866 [fact allegations forming "nucleus" of fraud count insufficient to apprise the defendant of damages sought].)

4

But the complaint contained more specific allegations in other paragraphs. Plaintiff pleaded he loaned defendant the total sum of $650,000 with interest at 12 percent per annum. He also alleged the loan contracts contained a provision allowing him to demand repayment of the principal and all interest due. Further, he alleged that after defendant defaulted on an interest payment, plaintiff made several demands for the principal and past due interest, which plaintiff never paid.

Although this is not the ideal method of pleading, it is sufficient to apprise defendant of the amount plaintiff sought from him. The complaint alleges defendant defaulted and plaintiff demanded repayment of principal and interest due, which defendant did not pay. The principal is fixed at $650,000 and interest is calculable at 12 percent per annum from the date of default. The trial court judge confirmed the award was comprised of those two elements.

In his reply brief defendant points to boilerplate allegations in the complaint that the damage amount was currently unknown or not yet ascertained, arguing that they, along with plaintiff's failure to allege he had been damaged, "do not prove" (boldface and capitalization omitted) plaintiff "[suffered] any money damages." But plaintiff need not "prove" damages in the complaint, merely allege them, and he did so adequately.

Since we decide the case on the basis set out above, we have no need to, and do not, decide any other issues raised by the parties.

5

## DISPOSITION

The judgment is affirmed.  Plaintiff is entitled to costs on appeal.


                                   THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.